IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY LEE MOORE, ) | No. C 05-3214 MMC (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| CONTRA COSTA COUNTY PUBLIC ) DEFENDER, et al., ) | |
| Defendants. ) | |

_____

Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, against the attorneys appointed to represent him in criminal proceedings in state court. He has paid the filing fee.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Here, plaintiff claims that the Contra Costa County Public Defender, and the deputies he assigned to represent petitioner, provided him with deficient representation in connection with an ongoing criminal prosecution in state court.  In particular, plaintiff claims that defendants have provided deficient representation by failing to meet with him on a sufficiently frequent basis, failing to file meritorious motions and to subpoena helpful witnesses, and failing to adequately challenge the prosecution's evidence and witnesses.  A public defender does not act under color of state law when performing a lawyer's traditional functions in representing a defendant in a state court criminal prosecution; such traditional functions include entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 318-19 (1981).[1]  The action or lack of action alleged herein does not constitute conduct taken under color of state law.  <u>See</u> <u>id.</u>

Accordingly, plaintiff's claims against his attorneys are DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 24, 2005

MAXINE M. CHESNEY
United States District Judge

---

[1] Exceptions may exist for the Public Defender's performance of purely administrative tasks or the creation of unconstitutional policies.  <u>See</u> <u>Miranda v. Clark County, Nevada</u>, 319 F.3d 465, 468-70 (9th Cir. 2003) (en banc) (noting challenge to policy of administering lie detector test and allocating minimal resources to clients who fail it, and to policy to assign least-experienced lawyers on staff to capital cases, may be cognizable under § 1983).  Such administrative and policy-making tasks are not alleged in the instant action.